VALENTÍN POLANCO DE JESÚS, demandante y apelante, *v.* A. RUIZ & Co., S. EN C., demandada y apelada, LORENZA ROSARIO, Interventora.

Núm. 8864.—*Sometido:* Enero 12, 1944. *Resuelto:* Febrero 17, 1944.

*V. Polanco de Jesús, pro se; Angel Rivera Colón,* abogado de la apelada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El presente caso está estrechamente relacionado con anteriores recursos tramitados ante esta corte. Nos referimos a los casos de *Rosario v. Ruiz, Polanco de Jesús, opositor,* 62 D.P.R. 326, y *Rosario v. Ruiz y Polanco de Jesús,* resuelto en febrero 10, 1944, pág. 93, ante. Consideramos innecesario repetir de nuevo los hechos envueltos en dichos litigios. Basta decir que, como consecuencia del primero de ellos, Polanco de Jesús presentó demanda de desahucio contra A. Ruiz & Co. en la que alegó ser dueño y poseedor de la casa que ocupa la demandada sin pagar canon o merced alguna y que se había negado a desocuparla. La demandada negó estos hechos y en contrario alegó que ocupa la casa a virtud de contrato verbal de arrendamiento por canon de $30 mensuales, celebrado primero con Santiago Ruiz López (uno de los demandados en los dos pleitos mencionados) anterior dueño de la propiedad, y luego con Alfredo Cortés como apoderado de doña Lorenza Rosario (la demandante en los pleitos anteriores) actual dueña de la casa. Como materia de oposición y defensa la demandada expuso los hechos que fueron objeto del recurso de apelación en *Rosario v. Ruiz,* 62 D.P.R. 326 y alegó que dicho recurso estaba pendiente de resolución ante esta corte y que, por tanto, la dueña del inmueble lo era doña Lorenza Rosario.

Previo permiso concedido intervino en el pleito Lorenza Rosario y en su contestación alegó sustancialmente los mismos hechos que la demandada.

Por los motivos que expondremos más adelante, es importante hacer constar que no obstante haberse celebrado la primera comparecencia en este caso el día 3 de febrero de 1943, por convenio de las partes se pospuso la celebración de la segunda comparecencia hasta una fecha posterior a aquella en que esta corte resolviera la apelación pendiente en el caso anterior de *Rosario* v. *Ruiz*, supra. Así vemos que nuestra decisión tiene fecha de julio 7 de 1943 y la segunda comparecencia se celebró el 16 de agosto de 1943.

 En dicha vista se probó por el demandante que al adquirir la finca en subasta pública se otorgó la correspondiente escritura que fué inscrita en el registro de la propiedad, y además que el márshal de la corte le dió posesión de la finca haciendo constar en el diligenciamiento de la orden que se expidió, lo siguiente:

"CERTIFICO: Que recibí la orden de posesión en este caso èl día 8 de enero de 1943 y que en cumplimiento de la misma me trasladé al pueblo de Ciales el día 12 de enero de 1943, y que a las cuatro y media de la tarde de dicho día, dí posesión judicial al Lic. Valentín Polanco de Jesús de la finca descrita en el mandamiento de posesión, luego de haber identificado la misma, poniendo en conocimiento de los inquilinos de los señores Alfredo Ruiz López, en representación de A. Ruiz & Co., como gestor, y Dr. Antonio Fernández Valdés; y de los colindantes Joaquín Torre Noriega y Dr. Luis Torre Pintueles en representación de la Sucesión de Elías Torre Noriega y al señor Santiago Ruiz López por sí y en su carácter de Alcalde de Ciales, P. R. A todos advertí que desde hoy en adelante día 12 de enero de 1943 el señor Valentín Polanco de Jesús es el dueño legal de la propiedad."

Se probó además por la declaración no contradicha del demandante que él requirió a la demandada el día que fué con el márshal para que desalojara la casa y que además le escribió una carta al socio gestor al mismo efecto y que entonces presentó la demanda de desahucio. Se probó además por el demandante que había hecho la consignación cum-

pliendo con los términos de la sentencia de esta corte de julio 7, 1943, pero que dicha consignación no incluía las costas que reclamaba doña Lorenza Rosario, por considerar que ella había renunciado a su cobro.

De acuerdo con nuestra sentencia de febrero 10, 1944, en la segunda apelación del caso de *Rosario* v. *Ruiz y Polanco de Jesús,* supra, esta última contención del aquí demandante era correcta. Al finalizar la opinión en dicho caso dijimos:

"Pasemos ahora a la consignación en satisfacción de la sentencia.

"La sentencia de este tribunal, modificada, como hemos dicho, en 21 de julio de 1943, específicamente determinó lo que debía satisfacer el comprador *pendente lite* para que la propiedad por él comprada quedase liberada de la sentencia obtenida contra sus causantes Santiago Ruiz y esposa. El comprador *pendente lite* se ajustó estrictamente a la sentencia de este Tribunal al hacer la consignación, completada después por la cantidad de $2.76 que faltaba de intereses.

"Siendo ello así, procede revocar la resolución apelada y *dictar otra declarando bien hecha la consignación y totalmente satisfecha la parte de la sentencia que debía pagar el comprador pendente lite, con todos sus efectos legales."* (Bastardillas nuestras.)

Tenemos, por lo tanto, que habiéndose probado que el demandante tomó posesión de la finca y notificó a la demandada que debía desalojar, y que además ya había consignado todo lo que tenía que pagar como comprador *pendente lite,* erró la corte inferior al sostener que la posesión que obtuvo el demandante fué "simbólica", y que la posesión de la demandada debía prevalecer porque tenía un contrato verbal de arrendamiento con Lorenza Rosario. Erró asimismo al resolver que la demandada no tenía que entregarle al demandante porque al hacerlo "Lorenza Rosario dejaba de percibir el interés o renta a que tenía derecho por el importe de la hipoteca *mientras no se hiciera una consignación en corte que dejara a salvo su derecho."* (Bartardillas nuestras.) Si

la consignación estuvo bien hecha y quedó satisfecho todo lo que el demandante tenía que pagar, ¿qué derecho tenía la interventora Lorenza Rosario a percibir "interés o renta por el importe de la hipoteca" en perjuicio de los derechos reconocidos del demandante?

No obstante haberse pospuesto la segunda comparecencia para una fecha posterior a nuestra sentencia en la primera apelación antes mencionada, y de haberse efectuado por el demandante la consignación de acuerdo con dicha sentencia, y la corte inferior admitir que estos hechos son ciertos, en su opinión hace constar que tiene que "resolver este asunto a base de la situación existente cuando se presentó la demandada, sin perjuicio de que Valentín Polanco de Jesús. presente una nueva demanda de desahucio *cuando acabe de consignar y liquidar con Lorenza Rosario* lo que debe satisfacerle . . ." (Bastardillas nuestras.)

Asumiendo, sin resolverlo, que Polanco no pudiera desahuciar a la demandada sin antes haber hecho la consignación a favor de Lorenza Rosario, habiéndose probado que él hizo dicha consignación erró la corte inferior al querer obligar al demandante a iniciar una nueva acción de desahucio. La finalidad perseguida por las partes al posponer la vista de la segunda comparecencia en este caso fué precisamente que la corte inferior tuviera el beneficio de conocer los términos de nuestra sentencia de julio 7, 1943 en el caso anterior fijando la cuantía de la consignación que tenía que hacer Polanco. Habiéndose probado que él hizo la consignación de acuerdo con nuestra sentencia, nada más tenía que liquidar con Lorenza Rosario.

*Debe revocarse la sentencia apelada y dictarse otra declarando con lugar la demanda.*